ADAM HUBBARD *vs.* INHABITANTS OF WEBSTER.

Worcester. October 5. — 30, 1875. WELLS & AMES, JJ., absent.

At the trial of a petition for the assessment of damages caused by raising the grade of a street, the petitioner was allowed to testify, against the respondent's objection, that his cellar had been flooded before the raising of the grade, and to some extent after said raising, by surface water from the street, and was asked from how great a water-shed was he or had he been liable to receive surface water on his land. The judge admitted the evidence, instructing the jury that the petitioner could not recover for such flooding of his land, and that it was admitted only to show the effects of the alteration of the grade on the premises of the petitioner. *Held*, that the respondent had no ground of exception.

At the trial of a petition for the assessment of damages caused by raising, in 1873, the grade of a street, the respondent admitted the existence of the street as a highway, and the petitioner was permitted to show that in 1868 the county commissioners ordered the highway to be relocated, a bridge to be built near the petitioner's estate, which was erected between 1868 and 1871, the filling done in connection therewith, and the fact that the way continued of the same grade until 1873, in order to show its existence, limits and grade at the time when the raising of the grade complained of was made. *Held*, that the evidence, being limited by the instructions of the judge to the purpose named, was rightly admitted.

On the trial of a petition for the assessment of damages caused by raising the grade of a street, the petitioner was permitted, against the respondent's objection, to introduce in evidence a deed showing that he had a right of way adjacent to the premises, by which he could reach his barn cellar. The jury were instructed that the evidence was admitted only to show the location and relative position of the property, and that the petitioner could not recover damages for the effect on the value of the right of way by the raising of the street. *Held*, that the respondent had no ground of exception.

PETITION to the Superior Court for a jury to assess the damages to the petitioner's estate by raising the grade of Main Street and Union Street in Webster, in 1873, and by putting in a new sidewalk with a curb against the said estate. Trial in the Supe-

rior Court, before *Dewey*, J., who allowed a bill of exceptions in substance as follows :

The petitioner was allowed to testify, against the respondent's objection, that his cellar had been flooded before the raising of the grade, and to some extent after the raising of the grade, by surface water from the street; that this was the reason he had desired the selectmen to put in the sidewalk, and he was asked from what points water came to him, which question was explained to him to mean from how great a "water-shed" was he or had he been liable to receive surface water on his land. To this last question the respondent objected, but the judge allowed it to be put, ruling however and charging the jury that the petitioner could not recover damages for such flooding of his land, but that it was admitted only to show the effects of the alteration of the grade on the premises of the petitioner.

The petitioner also offered orders of the county commissioners relocating Main Street and ordering the building of a stone bridge near the petitioner's premises in 1868, and accepting the same in 1871, and in connection therewith evidence of a heavy filling in Main Street under such order in 1869, and also to show that the grade remained the same from 1871 to 1873. The respondent, admitting that, at the time of the filling in 1873, Main and Union Streets were highways, for any change in the grade of which by the town this proceeding would lie, and, waiving all obligation on the petitioner to prove the existence of the highway alleged in his petition, objected to the reception of the orders and of all evidence of a filling or change of grade prior to that complained of in 1873, and urged that the admission of evidence of any other filling than the one complained of would tend to confuse the jury, and that the evidence was irrelevant and prejudicial. The petitioner offered the evidence to show the fact that the highway existed, and also its condition as to limits, grade and repair at the time the filling was commenced in 1873, and the judge admitted the evidence for this purpose, and instructed the jury that the petitioner's claim for damages was confined to the damage sustained by him on account of the raising of the grade in 1873, and that whatever had been done prior to 1873 was not to be considered except as far as it showed the condition in 1873.

The petitioner also offered a deed to show that he had a right of way adjacent to the premises, by which he could reach his barn cellar. This deed was admitted by the judge, against the respondent's objection, only to show the location and relative position of the property alleged to be injured. The judge instructed the jury that that was the purpose of the admission of the evidence, and that the petitioner could not recover damages for the effect on the value of the right of way by the raising of the grade of the street.

To the above rulings and admissions of evidence against its objections, the respondent alleged exceptions.

*W. S. B. Hopkins*, for the respondent.

*A. J. Bartholomew*, for the petitioner.

DEVENS, J. With the limitations under which the evidence offered by the petitioner was received, and the instructions given in relation thereto, we do not perceive that any injury can have been occasioned to the respondent, and its exceptions cannot be sustained.

1. The petitioner was permitted to testify that his cellar had been flooded previously to raising the grade of the way upon which it abutted, and to some extent since, by surface water, and was also permitted to state from how great a water-shed he was and had been liable to receive surface water. He was entitled to show the condition and situation of his land, and its relation in position to the surrounding territory, in order to show the whole effect in the alteration of the grade of the way upon it, even if in reference to surface water it had actually been benefited, and it must be presumed that the jury followed the instruction of the court that no damage should be awarded to him for such flooding.

2. While the respondent admitted the existence of Main Street and Union Street as highways, the petitioner was permitted to show the order by which Main Street was relocated in 1868, the orders for building a bridge, near the petitioner's premises, which was erected between 1868 and 1871, the filling done in connection therewith, and the fact that the way continued of the same grade until 1873, in order to show its existence, limits and grade in 1873, when the raising of the grade complained of was made. By the admission of the respondent, this evidence of the location and grade of the highway did not become incompetent, and the

ruling of the court strictly limited its effect to the purpose of showing the condition of the way in 1873, at the time the filling commenced, the jury being instructed that the petitioner's claim for damages must be confined to those sustained by the raising of the grade in 1873.

3. While the deed of the petitioner's property was offered for the purpose of showing that he had a right of way adjacent to the premises, it was not admitted for this purpose, but only to show the location and relative position of the property alleged to be injured. For such a purpose it was admissible, and the jury were instructed that the petitioner could not recover for the effect upon the value of the way by the raising of the grade. The ex-istence of a right of way was apparently shown by the deed, but it would not have been just that the petitioner should have been deprived of a proper and legitimate use of the deed of the property alleged to be injured, because the same deed also showed that he possessed another right of property for injury to which no damage could in this proceeding have been properly awarded him.

Where proper instructions are given, it must be presumed that they are understood and followed by the jury. *Raymond* v. *Nye*, 5 Met. 151. *Exceptions overruled.*